IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANCE GIBSON, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. JRR-24-2331 |
| AVRIL HAINES, *Director of National Intelligence*, | * | |
| | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM ORDER**

Plaintiff Vance Gibson has filed a civil Complaint, along with a motion to proceed in forma pauperis. ECF Nos. 1, 2. After consideration of the Complaint and pending motion, the Court grants the motion for leave to proceed in forma pauperis and dismisses the Complaint pursuant to 28 U.S.C. § 1915(a)(b)(1).

Because Gibson proceeds in forma pauperis, the Court retains an independent duty to review the claims for sufficiency. *See* 28 U.S.C. § 1915(e). *See also Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming dismissal of non-prisoner pro se complaint, pursuant to § 1915(e)(2)). Accordingly, the Court must dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such suit. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009*)* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept clearly baseless factual allegations as true." *Kilgore-Bey v. Rudey*, No. RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018). Frivolous claims include "those whose factual

allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002)); *see also Denton v. Hernandez,* 504 U.S. 25, 29 (1992)).

The Court is also mindful of its obligation to accord liberal construction to the pleadings of self-represented litigants such as Gibson. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

The Complaint purports to invoke the Court's federal question jurisdiction, citing alleged violations of Gibson's First, Fourth, Fifth, Sixth, Eighth, Eleventh, and Fourteenth Amendment rights. ECF No. 1 at 4. Gibson states his claim, in its entirety, as follows:

> I have been subjected to a 'psychological operation' which for 30 years beginning while I was in the Army circa 1993 to 1994 and continues to the present, involving civil rights violations continually, physical and psychological TORTUE, incarceration, theft of pets, EXACerbation of chronic physical maladies including irreversible macular degeneration and peripheral neuropathy, plus irreversible psychological 'distress' and changes.

ECF No. 1 at 6 (emphasis in original). As relief, Gibson seeks:

> $200,000,000.00, the return of 8 cats rightfully mine by 12 court orders granted to me, permanent residency established for me in the Russian Federation, the acceptance of my renunciation of citizenship in the USA, SAFE transport to the Russian Federation for myself, cats, belongings, etc. And no further contact of any sort after that.

ECF No. 1 at 7 (emphasis in original).

When reviewing the Complaint most charitably to Gibson, it is indeed frivolous. Gibson has not articulated any facts which would support any claim of relief, nor has he explained in any way how the named Defendant is responsible for the violations alleged. Clearly the allegations asserted by Gibson are the product of fantasy or delusional thinking that cannot be addressed by this Court. Gibson has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Accordingly, it is this _16th_ day of August 2024, by the United States District Court for the District of Maryland, hereby ordered:

1. The motion for leave to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The Complaint is DISMISSED;

3. The Clerk SHALL SEND a copy of this order to Gibson; and

4. The Clerk SHALL CLOSE this case.

/S/

Julie R. Rubin
United States District Judge